**Julie M. BENNETT, Plaintiff–Appellant,**

v.

**VERIZON WIRELESS, Defendant–Appellee.**

No. 08–0482–cv.

United States Court of Appeals, Second Circuit.

May 1, 2009.

Christina A. Agola, Esq., Rochester, NY, for Plaintiff–Appellant.

Robert C. Weissflach, Esq., Harter Secrest & Emery LLP, Buffalo, NY, for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. WALKER, and Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Julie Bennett appeals from a judgment of the United States District Court for the Western District of New York (Siragusa, J.) entering summary judgment in favor of Verizon Wireless on Bennett's retaliation claims under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law section 296 *et seq.* ("NYSHRL"). Bennett alleges that she was fired after complain-

ing about a rumor that suggested she was having an affair with a female subordinate. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Both Title VII and the NYSHRL prohibit an employer from retaliating against an employee because that employee opposed an unlawful practice. 42 U.S.C. § 2000e–3(a); N.Y. Exec. Law section 296(1)(e). Claims brought under both statutes can be analyzed in tandem. *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998).

The district court properly granted summary judgment. The employer furnished lawful reasons for terminating Bennett. At that point the presumption established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), dropped away, and the plaintiff bore the burden of showing that the employer's action against her was taken in retaliation for her complaints. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir.2005). The plaintiff failed to sustain that burden. On the evidence submitted, a finder of fact could not have reasonably found that the employer's stated reasons were pretext and that the employer was in fact motivated by retaliation.

Accordingly, we hereby **AFFIRM** the judgment of the district court.